1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

13

14

15

ROSEMERE NEIGHBORHOOD
ASSOCIATION, a Washington non-profit
corporation,,

                Plaintiff,

      v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, an agency of the
United States Department of Interior; and
STEPHEN L. JOHNSON, in his official
capacity as Administrator of the Environmental
Protection Agency,

                Defendant.

Case No. C05-5443FDB

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

16

17

18

19

20

     This matter comes before the court on the motion of Defendants United States
Environmental Protection Agency and Stephen L. Johnson, Administrator of the Environmental
Protection Agency (collectively EPA), to dismiss this action for lack of subject matter jurisdiction.
Having reviewed the motion, the response of Plaintiff Rosemere Neighborhood Association
(Rosemere), and the balance of the record, the court finds that the motion should be granted.

21

                                 I.

22

23

24

25

26

     In this action, Rosemere asks the court to compel EPA to take action on an administrative
complaint Rosemere filed against the City of Vancouver.  Rosemere requests that the court order
EPA to review the complaint and decide whether to accept, reject, or refer it to another federal
agency pursuant to 40 C.F.R. § 7.120.  EPA has since decided to accept the Rosemere administrative

ORDER - 1

complaint for designation.  Accordingly, EPA moves to dismiss the lawsuit as moot and for lack of subject matter jurisdiction.  Rosemere argues that a live controversy still remains because it also seeks a declaratory judgment regarding the legality of EPA's delay in responding to Rosemere's complaint.  Rosemere also argues that this case is an exception to the mootness doctrine because the challenged conduct here is capable of repetition.

II.

EPA regulations, codified at 40 C.F.R. Part 7, provides that persons believing that they have suffered discrimination in a covered activity may file a complaint with EPA.  40 C.F.R. § 7.120(a).  When a complaint is filed, EPA is required to acknowledge receipt of the complaint and then immediately initiate complaint processing procedures.  40 C.F.R. § 7.120 ( c), (d).  The regulations further contemplate that, within 20 calendar days of acknowledgment or receipt, EPA's Office of Civil Rights will "review the complaint for acceptance, rejection, or referral to the appropriate Federal agency."  40 C.F.R. § 7.120(d)(1)(j).  If the complaint is accepted, notice of that fact is to be given to, *inter alia*, the complainant.  40 C.F.R. § 7.120(e)(1)(ii).

On or about December 13, 2003, Rosemere filed an administrative complaint with EPA pursuant to 40 C.F.R. § 7.120(a) alleging that the City of Vancouver was retaliating against it for filing a prior administrative complaint under Title VI.[1]  Receipt was acknowledged by EPA on January 12, 2004.  It is undisputed that EPA did not then take timely action on Rosemere's administrative complaint.

Rosemere filed the instant action on July 1, 2005, seeking a declaration that EPA was acting unlawfully in having failed to accept, reject or refer its administrative complaint.  Rosemere also seeks a mandatory order compelling EPA to act.  OCR received a copy of Rosemere's lawsuit on or about July 26, 2005.  Prior to that time, on June 9, 2005, OCR had reached the conclusion that the

_____

[1]The prior administrative complaint is not part of the present lawsuit.

ORDER - 2

1    Rosemere administrative complaint satisfied the jurisdiction criteria and a draft letter was prepared

2    accepting the complaint for investigation.  Letters notifying Rosemere and the City of Vancouver of

3    OCR's decision to accept the complaint were sent on August 16, 2005.

4                                                     III.

5    **A.      Rosemere's Request for Declaratory Relief is Moot**

6            The case or controversy requirement of Article III demand dismissal when the issues

7    presented are no longer "live" or the parties lack a cognizable interest in the outcome.  *Murphy v.*

8    *Hunt*, 455 U.S. 478, 481 (1982).  A case becomes moot when it "loses its character as a present, live

9    controversy of the kind that must exist" in order to avoid "advisory opinions on abstract questions of

10   law."  *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001).

11           By its complaint, Rosemere seeks an order compelling EPA action unlawfully withheld or

12   unreasonably delayed.  That action is an OCR decision to accept, reject, or refer its administrative

13   complaint, an action that OCR took on August 16, 2005.  Rosemere's case is, therefore, moot.  This

14   court cannot now grant Rosemere's request for relief in the form of a declaratory judgment that EPA

15   acted wrongfully.  *See, United Public Workers of America v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct.

16   556, 564 (1947) (federal court cannot issue declaratory judgment if claim has become moot); *Public*

17   *Utilities Comm'n of the State of California  v. Federal Energy Regulatory Comm'n*, 100 F.3d 1451,

18   1459 (1996) (*citing Noatak v. Blatchford*, 38 F.3d 1505, 1514 (9th Cir. 1994)).

19   **B.      No Exception to the Mootness Doctrine Applies**

20           Rosemere also urges that its case is not moot because it falls within the "capable of repetition

21   while evading review," exception to the mootness doctrine.  However, this exception applies only in

22   "exceptional circumstances."  *GTE California, Inc. v. F.C.C.*, 39 F.3d 940, 945 (9th Cir. 1994) and

23   provides only "minimal protection to individual plaintiffs."  *Doe v. Attorney General of  U.S.*, 941

24   F.2d 780, 784 (9th Cir. 1991).  In order to fit the exception, a controversy must meet two

25   requirements: (1) the challenged action was in its duration too short to be fully litigated prior to its

26   ORDER - 3

1    cessation or expiration, and (2) there was a reasonable expectation that the same complaining party

2    would be subjected to the same action again. *Murphy v. Hunt*, 455 U.S. 478, 482 102 S.Ct. 1181,

3    1183 (1982).

4         In order to take advantage of this exception, Rosemere must demonstrate that there is a

5    "reasonable expectation" that it "would be subjected to the same action again." *Headwaters, Inc. v.*

6    *Bureau of Land Management, Medford Dist.*, 893 F.2d 1012, 1016 (9th Cir. 1990). Rosemere has

7    not shown that this incident was anything more than an isolated instance of untimeliness and

8    oversight. Rosemere's reliance on the principle that "a defendant's voluntary cessation of a

9    challenged practice does not deprive a federal court of its power to determine the legality of the

10    practice," provides it no help. *See, Friends of the Earth, Inc. v. Laidlaw Environmental Services*,

11    528 U.S. 167, 189 (2000). There is no evidence that EPA's failure to act timely on Rosemere's

12    complaint constitutes a "practice" which EPA could resume once the action was dismissed on

13    grounds of mootness. In essence, Rosemere has received all the relief to which it is entitled and now

14    seeks an advisory opinion of EPA's inaction. This, the court cannot do.

15         ACCORDINGLY,

16         IT IS ORDERED:

17         (1)      Defendant's motion to dismiss (Dkt.# 11) is **GRANTED**; and

18         (2)      This case is dismissed for lack of subject matter jurisdiction.

19

20         DATED this 7th day of December, 2005.

21

22

23         FRANKLIN D. BURGESS

         UNITED STATES DISTRICT JUDGE

24

25

26    ORDER - 4